# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Ellis,**
**Plaintiff Below, Petitioner**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0418** (Kanawha County 13-C-AP-162)

**Kanawha County Public Library Board,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Ellis, appearing *pro se*, appeals the April 4, 2014, order of the Circuit Court of Kanawha County that (1) rejected petitioner's claim that Respondent Kanawha County Public Library Board failed to pay him two weeks of wages; and (2) awarded petitioner liquidated damages in the amount of $39.50, plus pre-judgment interest and post-judgment interest, based on its finding that respondent did not pay petitioner in full within seventy-two hours of his termination in violation of the Wage Payment and Collection Act ("WPCA"), West Virginia Code §§ 21-5-1 to 21-5-18. Respondent, by counsel Christopher J. Winton, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court with directions to recalculate petitioner's liquidated damages pursuant to the 2006 version of the WPCA, which was in effect at the time of petitioner's termination.

Petitioner worked for respondent from December 27, 2010, through July 2, 2013, when respondent terminated his employment. Subsequently, petitioner sued respondent based on the following two claims: (1) respondent failed to pay him two weeks of wages; and (2) respondent violated the WPCA by failing to pay him in full within seventy-two hours of his termination.

The circuit court held a bench trial on petitioner's claims on March 26, 2014,[1] at which both petitioner and respondent's accounting services coordinator ("accounting coordinator") testified. During the accounting coordinator's testimony, respondent submitted into evidence a

---

[1] The circuit court heard the case as an appeal from the magistrate court, which ruled on both claims in respondent's favor following a bench trial. Pursuant to West Virginia Code § 50-5-12(b), petitioner was entitled to a trial de novo in the circuit court.

1

spreadsheet showing all of petitioner's payments throughout his employment. Based upon the accounting coordinator's testimony and the spreadsheet, the circuit court rejected petitioner's claim that respondent failed to pay him two weeks of wages, finding that he was "paid in full" for his work from December 27, 2010, through July 2, 2013.

However, on petitioner's second claim, the circuit court determined that respondent failed to pay petitioner in full within seventy-two hours of his termination in violation of the WPCA, West Virginia Code § 21-5-4(b). The circuit court concluded that petitioner was entitled to liquidated damages pursuant to West Virginia Code § 21-5-4(e). The circuit court calculated that the amount of petitioner's liquidated damages came to $39.50 under the 1975 version of the WPCA. The circuit court entered a judgment in petitioner's favor for $39.50, plus pre-judgment and post-judgment interest.

Petitioner now appeals the circuit court's April 4, 2014 order. We apply the following standard when reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

### The circuit court properly rejected petitioner's claim that he was not paid in full

It is not entirely clear whether, on appeal, petitioner contends that respondent failed to pay him two weeks of wages. Regardless, this Court determines for itself whether to accept a party's concession. *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991). After an independent analysis, it is clear that petitioner's claim that respondent failed to pay him in full lacked evidentiary support because, as the circuit court found, petitioner failed to present evidence to support the claim or to counter respondent's evidence that he received full payment. Therefore, we conclude that the circuit court properly rejected this claim.

### The circuit court committed legal error in utilizing the 1975 version of the WPCA to calculate liquidated damages after finding a violation of West Virginia Code § 21-5-4(b)

Petitioner argues that pursuant to the 2006 version of the WPCA, he was entitled to the amount of the wages ($340.32) that were untimely paid, multiplied by three, or $1,020.96.[2]

---

[2] *See* West Virginia Code § 21-5-4(e) (2006) ("If a person, firm or corporation fails to . . . pay an employee wages as required under this section, such person, firm or corporation shall, in

Rrespondent concedes that the 2006 version of the WPCA applied at the time of petitioner's termination. After an independent analysis, we (1) accept respondent's concession that the 2006 version of the WPCA applies to the instant case; and (2) agree with petitioner that his liquidated damages should be recalculated pursuant to the 2006 version of the statute.

For the foregoing reasons, we affirm the circuit court as to (1) its finding that respondent was not liable on petitioner's claim that respondent owed him two weeks of wages; and (2) its finding that respondent was liable to petitioner on his claim that respondent failed to pay him in full within seventy-two hours of his termination. We reverse the circuit court with regard to its calculation of petitioner's liquidated damages pursuant to West Virginia Code § 21-5-4(e) and remand the case to the circuit court to recalculate petitioner's damages pursuant to the 2006 version of the WPCA.[3]

> Affirmed, in Part, Reversed, in Part, and Remanded with Directions.

**ISSUED**: November 21, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

addition to the amount which was unpaid when due, be liable to the employee for three times that unpaid amount as liquidated damages.").

[3] We note that, in 2013, the Legislature amended the 2006 version of the WPCA. The 2013 amendments to the WPCA took effect on July 12, 2013.